**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

07 CIV. 7106
BRIEANT

-------------------------------------------------------------x
WILLIAM O. BARRETT,

                       Plaintiff,

    -  **against** -

COUNTY OF DUTCHESS, DUTCHESS COUNTY
SHERIFF'S OFFICE, KURT TWADDEL,
NEIL A. STEWART, JR., JEFFREY ACKEN
PETRUS JOHN DOE #1, JOHN DOE #2
AND JOHN DOE #3, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES AS DEPUTY SHERIFFS
OF THE DUCHESS COUNTY SHERIFF'S OFFICE,

                      Defendant(s).
-------------------------------------------------------------x

Index No.        /2007
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff resides at
72 Route 292
Patterson, New York
        County of Putnam

Plaintiff, WILLIAM O. BARRETT by and through his attorneys, LEVY &

SANTORO, as and for his Verified Complaint against the defendants, states the

following upon information and belief and alleges in his complaint as follows:

### JURISDICTION

1.   This action arises under the authority vested in this Court by virtue of and

pursuant to Title 42, Chapter 21 United States Code (hereinafter U.S.C.) §1983 and the

Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

The Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1331, 1334, 2201

and 42 U.S.C. §1983.

2.   Jurisdiction of this Court is invoked, under the Fourth, Fifth, Eighth, and

Fourteenth Amendments to the Constitution of the United States.  Plaintiff brings this

action against Defendants to redress the deprivation of guaranteed Constitutional rights

secured him by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United

States Constitution, pursuant to Title 42 U.S.C. §1983, and the common law.  Plaintiff

further invokes the supplemental pendent jurisdiction of the Court over his state claims

arising under the New York State Constitution, Article 1 §§11 and 12, and the laws of

the State of New York pursuant to 28 U.S.C. §1367 as the common law and state law

claims form part of the same case and controversy.  This Court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(a) over claims for relief arising out of the same

set of facts, transactions, and occurrences and in violation of the Constitution of the

State of New York.

3.    A written Notice of Claim, sworn to by Plaintiff, was duly served upon

Defendants on or about August 9, 2006, within ninety (90) days after Plaintiff's claims

arose pursuant to Article 4, §50-e of the General Municipal Law of New York State.

Defendant has acknowledged receipt of Notice of Claim.

4.    Defendants disclaimed liability and/or refused to make any adjustment or

payment; at least thirty (30) days have elapsed since the Notice of Claim was presented

to said Defendants for adjustment, and Defendants neglected and/or refused to make

any adjustment or payment.

5.    All causes of action herein are commenced within the limitation period set

forth in Article 2, §214 of the New York State Civil Practice Law and Rules (CPLR).

6.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) and

(c) because every part of the events giving rise to this action arose within this Judicial

District.  Defendants are therefore subject to personal jurisdiction in this judicial district.

Venue is proper in this District pursuant to 28 U.S.C. §1391 and rests with this Court

since all circumstances and issues pertaining to the instant matter as the basis of the

cause of action occurred within the District and jurisdiction of this Court and all parties reside and/or have their place of business within the Court's jurisdiction.

## CLAIM

7.    This claim asserts that the defendants, while acting in their official and individual capacities, have engaged in a concerted effort, a course of conduct, have organized and executed unlawful police tactics under color of law, within and beyond the scope of employment with the intent to deprive WILLIAM O. BARRETT of various rights privileges, and immunities which defendants knew, or should have known, were secured and guaranteed under the Constitution of the United States, the Constitution of the State of New York and the laws of the State of New York in violation of 42 U.S.C. §1983.

8.    As a direct and proximate result of the Defendant's actions, Mr. BARRETT has suffered the common law torts of assault, battery, false imprisonment, false arrest, seizure of person, negligence, negligence in training and hiring, as well as deprivation of due process and the exercise of his freedoms and Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution, Article I, §§11 and 12 of The Constitution of the State of New York, and the laws of the State of New York in violation of 42 U.S.C. §1983.

## PARTIES

9.    At all times herein mentioned, Plaintiff, WILLIAM O. BARRETT is a person and a citizen of the United States and of the State of New York who was and still is a resident of the County of Putnam, State of New York currently residing in the Town of Patterson, New York 12563.

– 3 –

10. Upon information and belief, at all the times hereinafter mentioned, Defendant County of Dutchess (hereinafter Dutchess County), was and still is a municipal corporation duly organized and existing under and pursuant to the Laws of the State of New York, and located in the State of New York with a principal place of business at 22 Market Street, Poughkeepsie, New York 12601 for purposes of liability under 42 U.S.C. §1983. At all times relevant hereto Dutchess County acted within and/or beyond the scope of its authority and operates and governs the Dutchess County Sheriff's Office

11. Upon information and belief, at all the times hereinafter mentioned, Defendant DUTCHESS COUNTY SHERIFF'S OFFICE (HEREINAFTER "DCSO") has and still does maintain a Sheriff's Department and the Defendant DCSO, has duly appointed police officers/deputy sheriffs, pursuant to New York Law and is located in the State of New York with a principal place of business at and located in the State of New York with a principal place of business 150 North Hamilton Street, Poughkeepsie, County of Dutchess, New York 12601. At all times relevant hereto the DCSO acted within and/or beyond the scope of its authority.

12. Defendants TWADDELL, STEWART, ACKEN, PETRUS, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3 were acting in their official capacity as deputy sheriffs within and/or beyond the scope of their employment, authority, under color of law and individually.

13. At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, of statute, ordinance, regulation, custom and usage.

– 4 –

14. In addition to the facts alleged in the following subparagraphs, the following defendants are all sued in their individual and official capacities, and all acting within and/or beyond the scope of their employment, and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and the County of Dutchess.

15. Upon information and belief, at all times hereinafter mentioned, Defendants KURT TWADDEL, NEIL A. STEWART, JR., JEFFREY ACKEN, PETRUS, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 at all relevant times were and are employed by defendants Dutchess County and DCSO as Deputy Sheriffs.

### FACTUAL AND GENERAL ALLEGATIONS

16. On or about the 14th day of May, 2006 plaintiff was at or about premises located at and known as 61 Bundy Hill Road, Pawling, New York and within the County of Dutchess.

17. Plaintiff was a passenger in his 2005 Chevrolet pickup truck which was being driven by GARY SCHOTT.

18. GARY SCHOTT mistakenly drove into 61 Bundy Hill Road, Pawling, New York, County of Dutchess.

19. 61 Bundy Hill Road, Pawling, New York is the residence of Deputy Sheriff Kurt Twaddell and is situated at and within the County of Dutchess.

20. GARY SCHOTT attempted to leave the property and drove off the driveway and onto the front lawn where the truck became stuck on a tree stump with its engine racing.

- 5 -

21. AMY TWADDELL saw headlights coming up the driveway, heard the truck and turned on the porch light to see who it was.

22. AMY TWADDELL opened the front door and saw a person run from the truck , across her driveway, and into the woods adjacent to her house.

23. AMY TWADDELL called 911.

24. Upon seeing the porch light come on, GARY SCHOTT, the driver fled from the truck and ran into the wooded area adjacent to the TWADDELL's house.  The truck's throttle remained open and the engine continued to race.

25. After SCHOTT fled the vehicle, WILLIAM BARRETT moved behind the truck's wheel and attempted to free the stuck throttle and stop the engine from racing.

26. Defendant KURT TWADDELL exited his residence and approached the driver side of the truck.

27. KURT TWADDELL ordered plaintiff and another passenger, JOHN GAMACHE out of the truck and detained them.

28. KURT TWADDELL knew both the plaintiff and passenger JOHN GAMACHE through past contacts as a deputy sheriff.

29. WILLIAM BARRETT, who was born on April 4, 1933, was seventy-four (74) years of age on May 14, 2006.

30. William BARRETT was and is five feet six inches tall, and weighs approximately 160 pounds.

31. Plaintiff WILLIAM O. BARRETT told TWADELL that he was not driving and that GARY SCHOTT was driving the truck and it was SCHOTT who ran from the truck into the woods when he saw TWADDELL approaching.

- 6 -

32. TWADDELL detained plaintiff at 61 Bundy Hill Road, Pawling, New York.

33. Dutchess County Deputy Sheriffs, NEIL A. STEWART, JR., JEFFREY ACKEN, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3 arrived at 61 Bundy Hill Road, Pawling, New York in response to a disturbance.

34. Defendant, Deputy Sheriff NEIL A. STEWART, JR. detained BARRETT and began to question plaintiff. STEWART observed that the plaintiff had a strong odor of an alcoholic beverage on his breath, watery, glassy, bloodshot eyes, impaired speech, and impaired motor coordination.

35. Deputy Sheriff JEFFREY ACKEN observed BARRETT in an intoxicated state.

36. Deputy STEWART observed that when Mr. BARRETT stepped away from the truck BARRETT lost his balance and needed assistance to stand.

37. At no time did STEWART or any other deputies on the scene assist or offer to assist Mr. BARRETT stand.

38. Deputy STEWART administered the horizontal gaze nystagmus test, a standardized field sobriety test to the plaintiff and indicated that Mr. BARRETT failed the test indicating intoxication.

39. Deputy STEWART through his interview, his observations, plaintiff's poor performance and plaintiff's refusal of take sobriety tests, determined that BARRETT was in an intoxicated condition.

40. Upon information and belief, defendant, NEIL A. STEWART, JR., acting within and/or beyond the scope of his employment, authority, and under color of law, started to handcuff plaintiff and then threw him to the ground.

– 7 –

41. BARRETT lost his balance, stumbled and fell to the ground.

42. BARRETT fell away from Deputy STEWART.

43. At no time did Mr. Barrett resist arrest.

44. Defendants STEWART and ACKEN forcefully took BARRETT to the ground.

45. Defendant's STEWART and ACKEN, acting in their official capacity and within and/or beyond the scope of their employment, authority, and under color of law then battered, assaulted, and physically abused BARRETT causing serious and severe injuries including but not limited to scrapes, bruises, contusions, broken bones, and also inflicting upon BARRETT both negligently and intentionally trauma and emotional distress.

46. Upon information and belief, defendants STEWART, ACKEN, and JOHN DOE #1 falsely detained, imprisoned, and falsely arrested plaintiff BARRETT on May 14, 2006 at or about premises located at and known as 61 Bundy Hill Road, Pawling, New York and within the County of Dutchess.

47. Defendant STEWART, acting in his official capacity and within and/or beyond the scope of his employment, authority, and under color of law, used excessive physical force by applying soft hand techniques, punches, kicks, knee strikes, and other impact strikes using personnel weapons to and upon the plaintiff BARRETT's body after BARRETT stumbled or was thrown to the ground and continued to lie there.

48. Defendant ACKEN, acting in his official capacity and within and/or beyond the scope of his employment, authority, and under color of law, forcibly held BARRETT's while defendant STEWART continued to use physical force to batter and assault BARRETT.

49. Upon information and belief, defendant JOHN DOE #1, acting in his official capacity and within and/or beyond the scope of his employment, authority, and under color of law, forcibly held BARRETT while defendant STEWART continued to use physical force to batter and assault BARRETT.

50. Upon information and belief, one deputy held BARRETT's feet and another deputy held his head while STEWART repeatedly struck the body of Mr. BARRETT with his knee(s), feet, elbows, fists, and other personnel weapons causing serious physical injury and physical injuries.

51. BARRETT did nothing to provoke any such attack.

52. Upon information and belief, defendants, STEWART, ACKEN, and JOHN DOE #1, while acting in their official capacity and within and/or beyond the scope of their employment, authority, and under color of law, failed to follow accepted protocol utilizing the use of force continuum model and curriculum as promulgated and used by the New York State Division of Criminal Justice Services, Office of Public Safety in its Basic Course for Police curriculum and in accordance with the laws of the State of New York..

53. Upon information and belief, defendants STEWART, ACKEN, and JOHN DOE #1, exceeded their authority by applying an amount of force, greater than the minimal amount of force necessary to safely control and/or effect the arrest of BARRETT.

54. During this further assault and battery, other deputies stood by and watched including TWADDELL, JOHN DOE #2 and JOHN DOE #3, and others and failed to act to prevent the assault, battery, and excessive use of force upon Mr. BARRETT.

55. During this further assault and battery, other deputies stood by and watched including TWADDELL, JOHN DOE #2 and JOHN DOE #3, and others failed to report the use of excessive force or physical force used upon Mr. BARRETT by STEWART, and the improper restraining of BARRETT by ACKEN and JOHN DOE #1 thereby condoning the actions of STEWART, ACKEN, and JOHN DOE #1.

56. Deputy STEWART placed BARRETT under arrest and charged him with Driving While Intoxicated (DWI), [a misdemeanor in violation of the New York State Vehicle and Traffic Law (hereinafter VTL) §1192.3], refusal to take a breath test [a violation of VTL § 1194(1)(b)], Trespass [a violation of PL §140.05], Criminal Mischief 2nd Degree [a class D felony in violation of PL §145.12], and Resisting Arrest [a misdemeanor in violation of PL §205.30).

57. On the 12th day of April 2007, plaintiff, WILLIAM BARRETT pled guilty to Criminal Mischief in the Fourth Degree [a class A misdemeanor in violation of New York State PL §145.00] and received a conditional discharge in full satisfaction of the docket with prejudice thereby dismissing any and all other charges.

58. Prior to, during, and subsequent to that detainment, false imprisonment and arrest, plaintiff was the victim of serious and severe injuries, including but not limited to scrapes, bruises, contusions, broken bones, and also the infliction upon plaintiff, both negligently and intentionally of trauma and emotional distress by employees, acting in their official capacity, of the DCSO and/or the County of Dutchess

59. Said false imprisonment and false arrest commenced a course of conduct on the part of Defendant's acting individually and in their official capacity as agents or employees and continuing in malicious prosecution forcing WILLIAM BARRETT to be

present in Court on numerous times despite the fact that defendants and/or their employees and/or agents, knew or should have known that there was not merit to the continuance of the prosecution of said criminal action and that said prosecution was malicious and the imprisonment of Mr. BARRETT was unlawful and illegal and, upon information and belief, said criminal prosecution was commenced and continued in order to dissuade BARRETT from asserting his rights by filing charges against defendants regarding the emotional and physical injuries suffered at their hands.

60. DCSO deputies ACKEN and PETRUS transported Plaintiff to the Beekman Substation for arrest processing.

61. BARRETT repeatedly told DCSO deputies ACKEN and PETRUS that he was experiencing pain from an injury STEWART inflicted upon his left shoulder.

62. Plaintiff also requested medical attention because he thought he might have suffered a broken clavicle, as well as other injuries.

63. However, with deliberate indifference to Plaintiff's medical condition, the DCSO deputies STEWART, ACKEN, and PETRUS continually refused his requests for medical attention and attempted to take BARRETT's fingerprints.

64. Unable to take BARRETT's fingerprints because of BARRETT's injury and complaint of pain, Deputy STEWART, with deliberate indifference to plaintiff's complaints of pain, then transported BARRETT to the Town of Beekman Court for arraignment, without providing medical assistance nor rendering first aid to Mr. BARRETT.

65. No valid and sufficient accusatory instrument was proffered at the time of arraignment. Since Deputy STEWART neither observed the alleged underlying acts nor did he have a corroborating supporting deposition from TWADDELL.

66. Upon information and belief, Town of Beekman Justice Court Judge Ferris remanded BARRETT and directed DCSO deputies to transport BARRETT to the Dutchess County Jail.

67. Upon information and belief, Deputies ACKEN and PETRUS, with deliberate indifference to Plaintiff's complaints of pain, transported BARRETT to the Dutchess County Jail without providing medical attention.

68. Upon information and belief, Deputies ACKEN and PETRUS waited until their arrival at the Dutchess County Jail before advising the jail or anyone else that BARRETT had sustained an injury to his left shoulder.

69. Upon information and belief, defendants STEWART, ACKEN, and JOHN DOE #1, engaged in a conspiracy to cover up their misconduct and the injuries inflicted upon BARRETT by misstating, and misrepresenting the cause of BARRETT's injuries.

70. Where the policies, customs, and practices of the DCSO have promoted an atmosphere in which deputies feel assured that evidence of their misdeeds, depriving citizens of the civil rights, can be hidden through the code of silence, where dishonesty goes unpunished and honesty is actively discouraged. With the imposition of punitive damages against all defendants with the exception of the County and appropriate equitable relief, plaintiff hopes to deter defendants and to bring an end to this misconduct.

71. The action of the defendant, deputies violated plaintiff BARRETT'S clearly established rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution, Article 1, Section 11 an 12 of the New York State Constitution, and the laws of the State of New York.

72. The actions of all individual defendants in depriving BARRETT of his Constitutionally guaranteed rights as enumerated above, were performed by the defendant deputy sheriffs in their official capacity and within and/or beyond the scope of their employment, authority, and under color of law for whose acts the defendants Dutchess County and the DCSO are liable under the doctrine of *respondeat superior*.

73. Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff.

74. Defendants' actions constitute unreasonable and excessive use of force, deprivation of liberty and punishment without due process of law.

75. The actions of all defendants were intentional, malicious, and in bad faith, thus giving rise to punitive damages as to all defendants with the exception of the municipality.

76. The acts, omissions, systemic flaws, policies, and customs of Defendants Dutchess County and DCSO caused deputies to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly, and properly investigated, with the foreseeable result that deputies are more likely to use excessive or unreasonable force, and denial of rights against Plaintiff and others in the future.

77. As a direct and proximate result of the acts and omissions of defendants, Plaintiff was mentally and physically sick, suffering respiratory and breathing problems, chest and shoulder pain, anxiety, and continues to feel pain and was forced to suffer pain and mental anxiety, was deprived of his physical liberty, and was forced to incur medical and legal expenses.

### AS AND FOR A FIRST CAUSE OF ACTION

**BATTERY–TITLE 42 U.S.C. §1983**
**FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS**

78. Plaintiff repeats, realleges, and incorporates each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein 1 through 77 with the same force and effect as if fully set forth at length herein.

79. Defendant STEWART, while assisted by ACKEN, and JOHN DOE #1, acting in their official capacity, authority, under color of law, and individually, did seize and battered Plaintiff, BARRETT when STEWART intentionally pummeled, kicked, punched, and grabbed Plaintiff's body in an offensive manner in violation of 42 U.S.C. §1983 for the purpose of either directly or indirectly depriving Mr. BARRETT of his constitutional rights under the Fourth Amendment (to be secure in his person, and effects, against unreasonable searches and seizures), Fifth Amendment (deprived of liberty, or property, without due process of law), Eighth Amendment (nor cruel and unusual punishments inflicted), and Fourteenth Amendment (nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws) of the United States Constitution,

– 14 –

Title 42 U.S.C. 1983, and Article I, §§11, and 12 of The Constitution of the State of New York and the laws of the State of New York.

80. The shoving, grabbing, striking, punching, kneeing, kicking, and application of physical force about Plaintiff's neck, chest, shoulder and arms and the holding of Plaintiff's feet and head by Defendants when they had no lawful authority or the consent of Plaintiff to do so, was without justification, was excessive, and constitutes battery for which Defendants STEWART, ACKEN and JOHN DOE #1, acting in their official capacity, within and/or beyond the scope of their employment, authority, and under color of law are individually liable.

81. That during the course of this battery, defendant STEWART did, through his own volition, intentionally cause a harmful and offensive contact with Plaintiff, BARRETT by inter alia punching, kneeing, striking, and kicking him in and about the clavicle, shoulder chest and back depriving Mr. BARRETT of his Constitutional Rights. under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, Sections 11 and 12 of The Constitution of the State of New York, in violation of 42 U.S.C. §1983.

82. That during the course of the battery, defendant STEWART intended to cause the Mr. BARRETT to suffer such harmful and offensive physical contact.

83. Mr. BARRETT never consented to such harmful and offensive contact.

84. Defendant did intend to, and did intentionally inflict physical harm to Plaintiff through his uninvited contact.

85. Defendant knew with substantial certainty that his actions would cause harm to the Plaintiff resulting in injury.

– 15 –

86. Upon information and belief, Defendant DUTCHESS COUNTY and DCSO subsequently ratified this battery as demonstrated by Plaintiff's subsequent arrest and prosecution.

87. That by the reason of the aforementioned, Defendants caused Plaintiff to suffer severe psychological distress, trauma, nervousness, anxiety, embarrassment, humiliation, and physical injury.

88. As a proximate result of the battery committed by Defendants STEWART, ACKEN, and JOHN DOE #1, by reason of the foregoing, and as a proximate result of the aforementioned conduct of Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental and physical. Plaintiff suffered a broken clavicle, breathing difficulties, attendant pain, suffering, and was otherwise injured, thereby causing the damages that are the subject of this Complaint.

89. That by reason of and in consequence of Defendant's intentional harmful and offensive physical contact, Plaintiff suffered a broken clavicle and sustained problems breathing.

90. That by reason of and in consequence of Defendant's intentional harmful and offensive physical contact, Plaintiff suffered and sustained bruising due to a hematoma to his neck, left arm, left shoulder, back, chest, and surrounding area.

91. That by reason of and in consequence of Defendant's intentional harmful and offensive physical contact, Plaintiff required and received medical care and treatment, medical procedures and preparations, and examinations.

- 16 -

92. That by reason of and in consequence of the above, Plaintiff's injuries will result in permanent problems breathing as a result thereof.

93. That by reason of and in consequence of the above, Plaintiff was for some time confined to his house and has required medicines, medical attention, and has incurred medical expenses.

94. That by reason of and in consequence of Defendant's intentional harmful and offensive physical contact, Plaintiff will be required to expend and incur further sums for medical and other attention.

95. As a result of the injuries sustained by the Plaintiff due to the Defendant's intentional contact, the Plaintiff sustained damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction of this matter.

96. The aforesaid injuries to Plaintiff and resultant damages occurred as a proximate result of the intentional infliction of a harmful nonconsensual contact of the defendant STEWART as hereinfore described depriving Mr. BARRETT of his Constitutional Rights. under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, Sections 11 and 12 of The Constitution of the State of New York, and the laws of the State of New York in violation of 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

### ASSAULT– TITLE 42 U.S.C. §1983
### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

– 17 –

97. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 96 with the same force and effect as if fully set forth at length herein.

98. On or about the 14th day of May, 2006 plaintiff, Mr. BARRETT was present at or about premises located at and known as 61 Bundy Hill Road, Pawling, New York where Defendants, STEWART, ACKEN and JOHN DOE #1 with intent to inflict physical harm to Plaintiff, did assault him and deprive him of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York in violation of 42 U.S.C. §1983.

99. That Defendants, STEWART, ACKEN, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 acting in their official capacity, within and/or beyond the scope of their employment, authority, under color of law, and individually, engaged in actions with intent to inflict physical harm to and upon plaintiff, WILLIAM BARRETT did place Plaintiff in imminent apprehension of a harmful or offensive contact as the Defendants attempted to strike, punch, and use physical force against the plaintiff's body.

100. That Defendant's actions were of such a nature as to excite and cause the apprehension of a battery.

101. That during the course of the assault, Defendants, STEWART, ACKEN, JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 intended to cause the Mr. BARRETT to suffer such a contact, or apprehension that such a contact was imminent.

102. That by reason of and in consequence of Defendant's act, Plaintiff was aware of the threat and he was in imminent apprehension of a harmful or offensive

contact from the Defendants, STEWART, ACKEN JOHN DOE #1, JOHN DOE #2 and

JOHN DOE #3 Plaintiff's imminent apprehension was reasonable.

103.    That Defendant's STEWART, ACKEN, JOHN DOE #1, JOHN DOE #2 and

JOHN DOE #3 actions amounted to an offer to use force by inflicting a harmful of

offensive contact.

104.    That during the course of this assault, Defendants STEWART, ACKEN

and JOHN DOE #1 had the ability and opportunity to carry out the threat immediately

and in fact did so.

105.    That by reason of and in consequence of Defendant's action, the plaintiff,

Mr. BARRETT was caused to suffer such harmful and offensive physical contact

resulting in further physical harm and the deprivation of BARRETT's Constitutional

Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States

Constitution and Article I, §§11 and 12 of The Constitution of the State of New York and

the laws of the State of New York in violation of 42 U.S.C. §1983.

106.    Defendants STEWART, ACKEN and JOHN DOE #1 did intend a harmful

contact and an offensive contact upon the WILLIAM BARRETT and struck, punched,

kicked, and used physical force against and upon his person.

107.    That prior to and during the course of the assault, WILLIAM BARRETT

never consented to any contact from or by the Defendants STEWART, ACKEN and

JOHN DOE #1.

108.    That by reason of and in consequence of Defendant's actions, Defendants

STEWART, ACKEN and JOHN DOE #1 acting in their official capacity, and individually,

- 19 -

did place plaintiff, WILLIAM BARRETT in imminent apprehension of a harmful and offensive physical contact.

### AS AND FOR A THIRD CAUSE OF ACTION

#### EXCESSIVE USE OF FORCE, 42 U.S.C. §1983
#### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

109.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 108 with the same force and effect as if fully set forth at length herein.

110.    Defendants STEWART, ACKEN and JOHN DOE #1, acting in their official capacity, authority, under color of law, and individually, engaged in actions using excessive force against BARRETT in that the force applied against BARRETT was not the minimum amount of force necessary to safely affect the arrest of Mr. BARRETT but rather excessive force was used maliciously and sadistically to cause harm resulting in Plaintiff's injuries as a result of the use of excessive force resulting in an unreasonable seizure under the Fourth Amendment in violation of Title 42 U.S.C. §1983.

111.    That by the reason of the aforementioned, Defendants STEWART, ACKEN and John Doe #1 caused Mr. BARRETT to suffer severe psychological distress, trauma, nervousness, anxiety, embarrassment, humiliation, pain, suffering, and physical injury.

112.    As a result of the aforementioned conduct of Defendants, Plaintiff suffered, breathing difficulties, pain, suffering, and was otherwise injured, thereby causing the damages that are the subject of this Complaint.

- 20 -

113.   Defendant's STEWART, ACKEN and JOHN DOE #1's egregious actions deprive BARRETT of his Constitutional Rights. under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, Sections 11 and 12 of The Constitution of the State of New York, in violation of 42 U.S.C. §1983.

114.   By reason of the foregoing, Plaintiff has been damaged and seeks damages in excess of the jurisdictional limits of all Courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

### 42 U.S. C. §1983−CONSPIRACY
### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

115.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 114 with the same force and effect as if fully set forth at length herein.

116.   Defendants, acting in their official capacity, within and/or beyond the scope of their employment, authority, and under color of law, conspired with one another to deprive plaintiff of his guaranteed constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments, including the right to criminal and civil justice.

117.   Defendants STEWART, ACKEN, TWADDELL and JOHN DOE #1 did enter into a conspiracy in violation of 42 U.S.C. §§1983, for the purpose of either directly or indirectly depriving Mr. BARRETT of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983, 1985, and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York.

− 21 −

118.   Defendants TWADELL, STEWART, ACKEN and JOHN DOE #1, under color of law, conspired with one another to deprive plaintiff of his constitutional rights, including the rights: to enjoy freedom of movement, association and assembly, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of liberty, and property without due process of law.

119.   In furtherance of the conspiracy and to exculpate, and cover up the misconduct of Deputy STEWART, and other deputies, TWADDELL, STEWART, ACKEN, PETRUS, and JOHN DOE #1 and supervisors, JOHN DOE #2 and JOHN DOE #3 in their official capacity, within and/or beyond the scope of their employment, authority, under color of law, and as individuals, acting in concert, engaged in the conduct hereinabove described deprived Mr. BARRETT of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York in violation of 42 U.S.C. §1983.

### AS AND FOR A FIFTH CAUSE OF ACTION

#### 42 U.S.C. §1983 EQUAL PROTECTION OF THE LAWS
#### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

120.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 119 with the same force and effect as if fully set forth at length herein.

121.   The individual defendants conspired with each other and with the Duchess County Sheriff's office for the purpose of hindering and preventing the constituent

– 22 –

authorities of the State of New York from securing and providing plaintiff equal protection of the laws.

122.   In furtherance of the conspiracy, and to conceal the crimes and misconduct of STEWART, ACKEN, and JOHN DOE #1, all the defendants, with the exception of the municipality, engaged in a cover-up.

123.   Among the actions taken in furtherance were concealment of evidence, and an attempt to falsely report how plaintiff's injury resulted.

124.   As a proximate and direct result of the defendant's conduct, plaintiff was deprived of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983, 1985, and Article I, Sections 11, and 12 of The Constitution of the State of New York and as a direct result suffered the injuries and damages described below.

### AS AND FOR A SIXTH CAUSE OF ACTION

### 42 U.S.C. §1983 SUPERVISORY LIABILITY

125.   Plaintiff repeats, and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 124 with the same force and effect as if fully set forth at length herein.

126.   Defendants JOHN DOE #2 and JOHN DOE #3 were at the relevant times, supervisory personnel for the Duchess County Sheriff's office, charged with oversight responsibility.  They were responsible, amongst other things, for the training, control, instruction, supervision, and discipline of the deputies under their command.

127.   Upon information and belief these defendants failed to take preventative and remedial measures to guard against the misconduct of deputies.  STEWART,

ACKEN, and JOHN DOE #1 thereby depriving Mr. BARRETT of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983, 1985, and Article I, Sections 11, and 12 of The Constitution of the State of New York.

128.   As supervisors they had a duty to properly supervise, train and monitor the deputy sheriffs under their control.

129.   In their failing to do so, JOHN DOE #2 and JOHN DOE #3 breached their duty owed to the community and as a result caused physical and mental injury to Mr. BARRETT and deprived him of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York in violation of 42 U.S.C. §1983.

130.   Mr. BARRETT injuries were the direct result and proximate cause of defendant's JOHN DOE #2 and JOHN DOE #3 failure to adequately supervise deputies STEWART, ACKEN, and JOHN DOE #1.

131.   Had they taken appropriate action, plaintiff would not have been injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION

### FALSE ARREST, FALSE IMPRISONMENT, TITLE 42 U.S.C. §1983
### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

132.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 131 with the same force and effect as if fully set forth at length herein.

133.   Upon information and belief, at the time of WILLIAM BARRETT's arrest by Defendant STEWART, there was no legally obtained evidence which would have

supported the aforementioned charges against him - driving while intoxicated (DWI) (for allegedly operating the 2005 Chevrolet pickup truck), trespass, criminal mischief 2nd degree (for allegedly intentionally damaging Deputy TWADDELL's front lawn); resisting arrest, and refusal to take a breath test.

134.    On the 12th day of April 2007, the Dutchess County Court accepted Mr. BARRETT's plea to criminal mischief in the 4th degree, [a Class A Misdemeanor] with a conditional discharge in full satisfaction of the docket with prejudice and further dismissing any and all other charges.

135.    The arrest of WILLIAM BARRETT on the aforementioned charges was not pursuant to a warrant and was not otherwise privileged.

136.    Plaintiff was aware of his arrest, detention, custody and confinement for the above charges, and he did not consent thereto.

137.    Defendants TWADDELL and STEWART illegally detained Plaintiff at 61 Bundy Hill Road, Pawling, New York wherein BARRETT was neither allowed to leave, nor permitted to give notice to anyone of his confinement, nor to receive medical attention.

138.    Instead, Defendants TWADDELL, STEWART, ACKEN, and JOHN DOE #1 repeatedly interrogated Plaintiff in the absence of counsel.

139.    Defendant STEWART falsely arrested and falsely imprisoned Plaintiff for charges of DWI that never existed and were in fact dismissed by the court thus depriving Mr. BARRETT of his due process and constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under

42 U.S.C. §1983, Article I, §§ 11 and 12 of The Constitution of the State of New York and the laws of the State of New York.

140.    That by reason of the aforementioned, Defendants TWADDELL, STEWART, ACKEN, and JOHN DOE #1 caused Plaintiff to suffer severe psychological distress, trauma, nervousness, anxiety, embarrassment, and humiliation, and deprived Mr. BARRETT of his Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York in violation of 42 U.S.C. §1983.

141.    As a proximate result of this malicious abuse of process, false arrest, and false imprisonment, Plaintiff suffered the damages as aforesaid.

### AS AND FOR A EIGHTH CAUSE OF ACTION

#### MALICIOUS PROSECUTION – TITLE 42 U.S.C. §1983
#### FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

142.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 141 with the same force and effect as if fully set forth at length herein.

143.    Defendants commenced criminal proceedings against WILLIAM BARRETT charging him with driving while intoxicated (DWI), [a misdemeanor in violation of the New York State Vehicle and Traffic Law (hereinafter VTL) §1192.3], refusal to take a breath test [a violation of VTL § 1194(1)(b)], trespass [a violation of PL §140.05], criminal mischief 2nd degree [a class D felony in violation of PL §145.12], and resisting arrest [a misdemeanor in violation of PL §205.30).

– 26 –

144.    On the 12th day of April 2007, plaintiff, WILLIAM BARRETT pled guilty to criminal mischief 4th degree [a class A misdemeanor in violation of PL §145.00] and received a conditional discharge in full satisfaction of the docket with prejudice.

145.    Defendants lacked probable cause for charging Plaintiff in the criminal proceeding with Driving While Intoxicated because no one observed Mr. BARRETT operate the 2005 Chevrolet pickup truck on a public roadway, one of the requisite elements of A DWI.

146.    Upon information and belief, defendants exhibited actual malice in charging Plaintiff with DWI, resisting arrest, trespass, and criminal mischief.

147.    On June 15, 2005, certain Supporting Depositions relating to the June 7, 2005 incident, dated June 8, 2005, were submitted and /or amended to negate Plaintiff's claims, and to fabricate allegations against Plaintiff which are untrue.

148.    Deputy STEWART signed a new Supporting Deposition on June 15, 2005, which added information not contained in the Supporting Deposition executed on June 8, 2005, purportedly explaining how Plaintiff sustained hi injuries when pulling against the handcuffs placed on him.

149.    As a result of such malicious prosecution and as a proximate cause of Mr. BARRETT's damages, Plaintiff suffered emotional distress, nervousness, anxiety, embarrassment, humiliation, and Plaintiff was forced to incur legal fees.

150.    Defendants STEWART, ACKEN, TWADDELL, and JOHN DOE #1 deprived Mr. BARRETT of his constitutional rights to due process, equal protection under law, and other rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments

- 27 -

to the United States Constitution and under 42 U.S.C. §1983, and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York.

151.   By reason of the foregoing, Plaintiff has been damaged and seeks damages in excess of the jurisdiction limits of all Courts which would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS UNDER TITLE 42, CHAPTER 21, §1983

152.   Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 151 with the same force and effect as if fully set forth at length herein.

153.   Plaintiff is entitled to the equal protection of the laws under the Fourteenth Amendment of the United States Constitution, and due process of law under the Fifth and Fourteenth Amendments of the United States Constitution.

154.   Defendants violated the provision of 42 U.S.C.§1983 in that, acting under color of law they deprived WILLIAM BARRETT of his Constitutional Rights privileges and/or immunities pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I, §§11 and 12 of The Constitution of the State of New York and the laws of the State of New York by subjecting him to unlawful imprisonment, false arrest, assault, battery, excessive force, and denying him due process under the laws of the United States of America and the State of New York.

155.   As a result of defendant's extreme and outrageous conduct all in violation of Mr. BARRETT's constitutional and civil rights, BARRETT suffered physical injuries,

- 28 -

pain, suffering, psychological distress, trauma, anxiety, embarrassment, and humiliation.

156.   By reason of the foregoing, Mr. BARRETT has been damaged and seeks damages in excess of the jurisdictional limits of all Courts which would otherwise have jurisdiction.

## AS AND FOR A TENTH CAUSE OF ACTION

### PENDENT CLAIM, NEGLIGENCE, TITLE 42 U.S.C. §1983

157.   Plaintiff repeats, realleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 156 with the same force and effect as if fully set forth at length herein.

158.   Defendant Dutchess County owed a duty to Plaintiff to properly train and supervise and otherwise control its deputy sheriffs in the use of coercion, intimidation, force and violation of constitutional guarantees and other matters incidental to the exercise of police functions.

159.   Defendants Dutchess County and the DCSO failed to provide adequate training, supervision, and control of Defendants STEWART, ACKEN and John Doe #1, DOE, which failure constitutes negligence.

160.   As a proximate result of Defendants Dutchess County and the DCSO's negligent failure to provide adequate training, supervision, and control of Defendants STEWART, ACKEN and John Doe #1, Plaintiff has sustained physical injuries, mental and physical pain, and he has incurred and will continue to incur medical bills and other

expenses. These injuries have caused and will continue to cause plaintiff pain and suffering, both mental and physical.

161.    Defendant Dutchess County and the DCSO's failure to provide adequate training and supervision to its deputies constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

162.    Defendants STEWART, ACKEN and JOHN DOE #1, while acting in their official capacity as agents and employees for defendants Dutchess County and the DCSO in their capacity as deputy sheriffs for Defendant County, owed a duty to Plaintiff to perform their police duties without the use of intimidation, coercion, excessive force, and verbal and physical abuse and denying Plaintiff his constitutional rights. Defendants' use of intimidation, coercion, and excessive physical force upon and against Plaintiff and refusing to abide by his constitutional rights, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitutes negligence for which Defendants STEWART, ACKEN and John Doe #1, are individually liable.

163.    As a proximate result of Defendants' negligence, Plaintiff has sustained permanent injuries and he has incurred medical bills and other expenses. These injuries have caused and will continue to cause plaintiff pain and suffering, both mental and physical.

164.    At all times of the alleged incident, Defendants STEWART, ACKEN and John Doe #1, were acting in their official capacity, within and/or beyond the scope of their employment, authority, under color of law as deputy sheriffs of the DCSO and

- 30 -

**SUPREME COURT OF THE STATE OF NEW YORK** **07 CIV. 7106**
**COUNTY OF DUTCHESS**
-------------------------------------------------------------------X

WILLIAM O. BARRETT,

                               Plaintiff,

    - against -

COUNTY OF DUTCHESS, DUTCHESS COUNTY
SHERIFF'S OFFICE, KURT TWADDEL,
NEIL A. STEWART, JR., JEFFREY ACKEN
PETRUS JOHN DOE #1, JOHN DOE #2
AND JOHN DOE #3, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES AS DEPUTY SHERIFFS
OF THE DUCHESS COUNTY SHERIFF'S OFFICE
-------------------------------------------------------------------X

Index No.
Date Purchased:

**S U M M O N S**
**WITH NOTICE**

Plaintiff resides at
72 Route 292
Patterson, New York
           County of Putnam

TO THE ABOVE NAMED DEFENDANT(S):

      **YOUR ARE HEREBY SUMMONED** to answer the complaint in this action, to
serve a copy of your answer, or if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after
the service of this summons, exclusive of the day of service (or within thirty (30) days
after service is complete if this summons is not personally delivered to you within the
State of New York); and in case of your failure to appear or answer, judgment will be
taken against you by default of the relief demanded in the complaint.

Dated:      Carmel, New York
              August 8, 2007

FILED

AUG - 9 2007

USD...

                    LEVY & SANTORO
                    Attorneys for the Plaintiff
                    105 Gleneida Avenue
                    Carmel, New York 10512
                    845-228-4550

                    By: _____
                         Kevin J. Reeves, Esq.

Defendants' Addresses:

County of Dutchess
22Market Street
Poughkeepsie, New York 12601

Deputy Sheriff Kurt Twaddel
Dutchess County Sheriff's Office
150 North Hamilton Street
Poughkeepsie, New York 12601-2011

Dutchess County Sheriff's Office
150 North Hamilton Street
Poughkeepsie, New York 12601

Deputy Sheriff Neil A. Stewart, Jr.,
Dutchess County Sheriff's Office
150 North Hamilton Street
Poughkeepsie, New York 12601-2011

Deputy Sheriff Jeffrey Acken
Dutchess County Sheriff's Office
150 North Hamilton Street
Poughkeepsie, New York 12601-2011

Deputy Sheriff John Doe #1, #2, and #3
Dutchess County Sheriff's Office
150 North Hamilton Street
Poughkeepsie, New York 12601-2011

**NOTICE**:  The object of this action is a Judgment/Recovery for compensatory damages as well as punitive damages regarding the physical assault of Plaintiff by defendant on or about the 14th day of May 2007.

The relief sought is a Judgment for Compensatory damages in the amount of $3,000,000.00 together with interest, costs, and fees, and an assessment of punitive damages in favor of plaintiff and against defendant in an amount to be determined at the trial of this action and not less than $3,000,000.00.

employees of Dutchess County and individually when they deprived Mr. BARRETT of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983, , and Article I, Sections 11, and 12 of The Constitution of the State of New York and the laws of the State of New York.

165.   Defendants Dutchess County and DCSO are liable for compensatory damages under the doctrine of respondeat superior for the negligence of defendants STEWART, ACKEN, and JOHN DOE #1, committed within and/or beyond the scope of their employment.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

### PENDENT CLAIM - NEGLIGENT HIRING

166.   Plaintiff repeats, realleges, and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the complaint marked and designated herein as 1 through 165 with the same force and effect as if fully set forth at length herein.

167.   The defendant STEWART provided information to the DCSO and was subjected to and underwent an extensive background investigation prior to his hiring as a deputy sheriff.

168.   Defendants DUTCHESS COUNTY and the DCSO were negligent in its hiring of STEWART as a member of the DCSO.

169.   Defendant, ACKEN provided information to the DCSO and was subjected to and underwent an extensive background investigation prior to his hiring as a deputy sheriff.

- 31 -

and reasonable attorney fees pursuant to The Civil Rights Attorney's Fees Awards

Act of 1976, 42 U.S.C. §1988 (1976).

A Jury Trial Is Hereby Demanded As To Those Issues Triable By A Jury

Dated:      Carmel, New York
            August 8, 2007

Respectfully submitted,

LEVY & SANTORO
Attorneys for the Plaintiff
105 Gleneida Avenue
Carmel, New York 10512
(845) 228-4550

By: _____
    Kevin J. Reeves, Esq.

– 37 –

**STATE OF NEW YORK**
**COUNTY OF PUTNAM** } ss:

WILLIAM O. BARRETT, being duly sworn, states that he is the plaintiff in this action and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

Sworn to and Subscribed before me
this 8TH day of August, 2007

_____
Notary Public, State of New York

_____
William O. Barrett

> TERRI MURPHY
> Notary Public, State of New York
> 01MA6067812
> Qualified in Bronx County
> Commission Expires Oct 28, 20__